**BURSOR & FISHER, P.A.**
L. Timothy Fisher
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com

*Attorneys for Plaintiff and the Putative Class Members*

**ARNOLD & PORTER KAY SCHOLER LLP**
Douglas A. Winthrop (# 183532)
Joseph Farris (# 263405)
Anushka Parihar (# 366286)
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Tel: (415) 417-3100
Fax: (415) 471-3400
Email: doughlas.winthrop@arnoldporter.com
Email: joseph.farris@arnoldporter.com
Email: anushka.parihar@arnoldporter.com

Allyson Myers (# 342038)
Michelle Ban (# 361012)
777 S. Figueroa St. 44th Floor
Los Angeles, CA 90017
Telephone: (213)-243-4000
Facsimile: (213)-243-4199
Email: ally.myers@arnoldporter.com
Email: michelle.ban@arnoldporter.com

*Attorneys for Defendant Adobe Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR KLEINER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADOBE, INC., a Delaware corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:26-cv-01218-JSC<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**<br><br>Date:   April 1, 2026<br>Time:   2:00 PM<br>Judge:   Hon. Jacqueline Scott Corley |

1

Pursuant to the Clerk's Notice Advancing Zoom Hearing dated March 16, 2026 (ECF No. 16), Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, Plaintiff Arthur Kleiner ("Plaintiff" or "Kleiner") and Defendant Adobe Inc. ("Adobe" or "Defendant") met and conferred on March 24, 2026, and hereby submit this Joint Case Management Statement and Rule 26(f) Report.

## I.    JURISDICTION AND SERVICE

### a.  Plaintiff's Statement

This Court has subject matter Jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2) because this is a class action in which at least one member of the class is a citizen of a state different from any Defendants, the amount in controversy exceeds $5 million, exclusive of interest and costs, and the proposed class contains more than 100 members.  Additionally, this Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this case arises under the Copyright Act (17 U.S.C. § 501). This Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant is headquartered in this District.

### b.    Defendant's Statement

Adobe does not, at this time, contest personal jurisdiction or venue, assuming that Plaintiff is not an Adobe subscriber (who might be subject to an arbitration agreement). Adobe does not contest that the Complaint was properly served.

## II.    FACTS

### a.    Plaintiff's Statement

Plaintiff Art Kleiner is a published author who owns a registered copyright in *The Age of Heretics: Heroes, Outlaws, and the Forerunners of Corporate Change*, which was published in 1996. Defendant Adobe, Inc. created SlimLM, a series of small language models ("SLMs") which are optimized for document assistance tasks on mobile devices. To train these SLMs, Defendant used a pre-training dataset assembled and published by Cerebras Systems, Inc. called "SlimPajama." SlimPajama is a copied, cleaned, and deduplicated version of Together Computer, Inc's RedPajama

dataset, which itself contains a subset comprised of approximately 196,640 books derived from the Bibliotik private tracker, and Books3 data set, which includes Plaintiff's copyrighted work. Thus, Plaintiff's copyrighted work is among the works included in the SlimPajama dataset. Defendant downloaded, copied, stored, and used Plaintiff's copyrighted work without authorization to train its SlimLM models, thereby directly infringing Plaintiff's copyright.

Defendant retained copies of its pretraining datasets that contained Plaintiff's copyrighted work on its servers and continues to store and use them in further training for new versions of its SlimLM models and other related models, thus continuing its infringement. Plaintiff's Complaint was filed on February 9, 2026. (ECF No. 1). Defendant's deadline to respond is April 6, 2026. (ECF No. 11). Plaintiff and the Class's claims arise from the illegal pirating of their works, creation of backups, and creation of numerous copies of such works in various repositories. Such copies were retained illegally and indefinitely and such conduct, in addition to the actual use of such works to train its models, constitutes violations of Plaintiff's and the Class members' copyrights.

**b.    Defendant's Statement**

Adobe is a computer software company based in San Jose, California that specializes in the development of software for the creation of a wide range of content, including graphics, photography, illustration, and print.

Plaintiff is the author of a book who alleges that his book is contained in a publicly-available dataset allegedly created by third-party Cerebras Systems Inc. called SlimPajama. He further asserts copyright infringement against Adobe based on its use of that dataset to train a series of small language models called SlimLM in connection with a research paper, titled "SlimLM: An Efficient Small Language Model for On-Device Document Assistance," available at https://arxiv.org/pdf/2411.09944.

Plaintiff's claim is meritless for the principal reason that Adobe's use of the SlimPajama dataset is paradigmatic fair use, among other potential defenses. As multiple courts have held, the use of content, including books, to train language models is highly transformative, and Adobe's use

of the SlimPajama dataset for a research paper has not had, and could not have, any legally relevant effect on a market. This case also presents fatal procedural challenges. Plaintiff's proposed putative class is sweepingly defined as: "all legal or beneficial owners of copyrighted works registered with the United States Copyrighted Office that Adobe downloaded, copied, stored, or otherwise used without authorization to develop any of Adobe's products during the Class Period." ECF No. 1 ¶ 64. But "copyright claims are poor candidates for class-action treatment." *Schneider v. YouTube, LLC*, 674 F. Supp. 3d 704, 717 (N.D. Cal. 2023) (citation omitted). Here, the breadth of the putative class raises significant commonality and typicality issues, among other obstacles. Certification of such a heterogenous proposed class—one which would include owners of different types of works, owners of different types of legal or beneficial rights, and owners of works that were used by Adobe for different purposes—will not be possible.

Plaintiff's Complaint also alleges that Adobe used another dataset called Common Crawl in connection with Adobe's SlimLM research paper. For at least the reasons discussed in Section IV, below, those allegations fail to satisfy the applicable pleading standard under Federal Rule of Civil Procedure 8(a) and/or Plaintiff lacks standing to pursue such claims.

## III.   LEGAL ISSUES

### a.   Plaintiff's Statement

As reflected in Plaintiff's Complaint, the principal legal issues presented in this case include, but are not limited to, the following: (1) Whether Defendant's use of copyrighted works to train SLMs constitutes fair use under 17 U.S.C. § 107; (2) Whether Defendant's alleged use satisfies the elements of direct copyright infringement under 17 U.S.C. § 501; (3) Whether any copying was de minimis or involved only unprotectable elements; (4) Whether this action satisfies the requirements for class certification under Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3); (5) Whether Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c), actual damages and profits under § 504(b), injunctive relief under § 502, or attorneys' fees under § 505 and; (6) Whether any infringement was willful or innocent.

**b.**     **Defendant's Statement**

Based on Adobe's current understanding of the case, the principal legal issues in the case are whether Plaintiff can prove direct copyright infringement, whether Adobe's use of SlimPajama to train SlimLM is fair use, whether the class Plaintiff seeks meets the class certification requirements of Rule 23, whether any use by Adobe of Plaintiff's copyrighted work was non-actionable *de minimis* use or involve unprotectable elements, whether Plaintiff is entitled to damages, and whether any infringement was willful or innocent.

## IV.     MOTIONS

**a.**     **Plaintiff's Statement**

In the event that Adobe files a motion to dismiss, Plaintiff intends to oppose. Plaintiff further intends to file a motion for class certification, and a motion for summary judgment. Plaintiff will not oppose consolidation with *Lyon v. Adobe Inc.*, Case No. 3:25-cv-10732-JSC.

**b.**     **Defendant's Statement**

On March 9, Adobe filed an Unopposed Administrative Motion to Consider Whether Cases Should Be Related, requesting that the Court deem this action related to an earlier-filed action, *Lyon v. Adobe Inc.*, Case No. 3:25-cv-10732-JSC (filed December 16, 2026) ("*Lyon*"). *See Lyon*, ECF No. 26. On March 11, 2026, the Court granted Adobe's Motion, ordering *Kleiner* to be reassigned to the *Lyon* Court. *Lyon*, ECF. No. 27.

Adobe intends to file a motion to dismiss the Complaint or, in the alternative, stay or consolidate the action with *Lyon v. Adobe Inc.*, Case No. 3:25-cv-10732-JSC. The Complaint in this action asserts essentially identical allegations as the Complaint in *Lyon*. Both cases assert copyright infringement against Adobe on behalf of putative classes that would include the same members. *Compare* ECF No. 1 ¶ 64 (defining putative class to include "all legal or beneficial owners of copyrighted works registered with the United States Copyrighted Office that Adobe downloaded, copied, stored, or otherwise used without authorization to develop any of Adobe's products during the Class Period") *with Lyon*, ECF No. 1 ¶ 29 (defining putative class to include "[a]ll persons or

entities domiciled in the United States that own a United States copyright in any work that was downloaded, copied, stored, or used as training data by Defendant without authorization during the Class Period according to Defendant's records").  In both actions, plaintiffs' infringement claims are based on allegations that the plaintiffs' copyrighted books are present in a dataset called SlimPajama, which was used by Adobe in connection with a research paper, titled "SlimLM: An Efficient Small Language Model for On-Device Document Assistance," available at https://arxiv.org/pdf/2411.09944. *Compare* ECF No. 1 ¶¶ 4–5, 29 *with Lyon*, ECF No. 1 ¶¶ 5–6.

To the extent there is any difference between the complaints at all, it is because Kleiner, unlike Lyon, alleges that Adobe infringed unspecified copyrighted works by allegedly using another dataset called Common Crawl.  ECF No. 4–5.  However, Kleiner fails to plead facts to show that the sole copyrighted work at issue in this case  is contained in the Common Crawl dataset that Adobe is alleged to have used. Rather, Kleiner vaguely alleges that Common Crawl "is known to contain copyrighted material," including "articles published on new websites and in digital newspapers." ECF No. 1 ¶¶ 28, 45–46. Because Kleiner has not, and cannot, specifically allege that a work for which he owns copyright interests is present in the Common Crawl corpus, the allegation does not satisfy the pleading standards under Federal Rule of Civil Procedure 8(a) and/or he lacks standing to pursue the claims, and therefore must be dismissed.  In any event, regardless of whether that claim is dismissed, this case should be stayed or consolidated with *Lyon*.

Defendant also anticipates filing a motion for summary judgment in accordance with the case schedule to be set by the Court. *See* Section XV (Scheduling).

## V.    AMENDMENT OF PLEADINGS

Plaintiff reserves her right to file an amended Complaint at an appropriate time and in accordance with the Federal Rules of Civil Procedure, the Civil Local Rules of this Court, and the Standing Order for Civil Cases Before Judge Jacqueline Scott Corley, including to the extent any order from the Court requires or permits further amendment.

## VI.    EVIDENCE PRESERVATION

Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and will meet and confer pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

## VII.   DISCLOSURES

The Parties conferred in accordance with Rule 26(f) of the Federal Rules of Civil Procedure on March 24, 2026. Pursuant to Rule 26(a)(1)(C) and the proposed discovery schedule below, the Parties anticipate serving Rule 26(a)(1) initial disclosures in accordance with the below proposed discovery schedule. The Parties confirm that they will comply with their obligations to supplement those disclosures as necessary.

## VIII.   DISCOVERY

The Parties anticipate submitting a proposed protective order to facilitate the exchange of discovery will likely be necessary. Counsel will meet and confer regarding a stipulated protective order regarding confidential information and any other protocols that may be necessary for the needs of this case with respect to any access to voluminous and/or sensitive data. The parties have detailed their competing proposed discovery schedules in Section XV (Scheduling).

## IX.   CLASS ACTIONS

### a.   Plaintiff's Statement

Plaintiff is confident that discovery will show he is entitled to maintain this action under Fed. R. Civ. P. 23 (a) and (b). Even without discovery, Plaintiff's counsel's independent investigation shows class certification is warranted.

### b.   Defendant's Statement

Defendant does not believe that this case can be certified as a class action consistent with Federal Rule of Civil Procedure 23. As set out above, the class presents significant commonality and typicality issues, among other obstacles to certification.

## X.   RELATED CASES

7

Pursuant to the Court's Order entered on March 11, 2026, *Kleiner* is related to *Lyon v. Adobe Inc.* and has been reassigned to this Court. (ECF No. 27.)

## XI.   RELIEF

### a.   Plaintiff's Statement

Plaintiff seeks relief for: (1) an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representative for the Class and Plaintiff's attorneys as Class Counsel; (2) Judgment in favor of Plaintiff and the Class and against Defendant; (3) An award of statutory and other damages under 17 U.S.C. § 504 for violations of the copyrights of Plaintiff and the Class by Defendant; (4) Reasonable attorneys' fees and reimbursement of costs under 17 U.S.C. § 505 or otherwise; (5) A declaration that such infringement is willful; (6) Destruction or other reasonable disposition of all copies Defendant made or used in violation of the exclusive rights of Plaintiff and the Class, under 17 U.S.C. § 503(b); (7) for injunctive relief as the Court may deem proper and; (8) further relief for Plaintiff and the Class as may be appropriate. Plaintiff states that a computation of damages is premature at this time as it is unknown how many infringing works were copied by Defendant.

### b.   Defendant's Statement

Defendant does not believe that Plaintiffs are entitled to any relief in this action, and reserves its right to seek fees and costs, if warranted.

## XII.   SETTLEMENT AND ADR

Pursuant to ADR Local Rule 3-5, the Parties and their counsel have read the handbook entitled "Dispute Resolution Procedures in the Northern District of California," discussed with each other the available dispute resolution options provided by the Court and private entities, and considered whether this action might benefit from the available dispute resolution options.

## XIII.   OTHER REFERENCES

The Parties do not believe that the case is suitable for reference to binding arbitration or a special master at this time. The Parties have not consented to the jurisdiction of a magistrate judge.

## XIV.   NARROWING OF ISSUES

The Parties believe that discovery is necessary to know if there is a potential to limit issues raised in Plaintiff's Complaint. (ECF No. 1). At this time, the Parties have no proposals for narrowing the issues presented by this action.

## XV.   SCHEDULING

The Parties submit the following competing proposed schedules:

**Plaintiff's Proposed Schedule:**

| Case Event | Proposed Date |
| --- | --- |
| Discovery open for all purposes | April 1, 2026 |
| Exchange of initial disclosures | April 1, 2026 |
| Last day to amend pleadings | September 17, 2026 |
| Close of fact discovery | March 18, 2027 |
| Opening expert report(s) | May 19, 2027 |
| Rebuttal expert report(s) | June 16, 2027 |
| Close of expert discovery | August 26, 2027 |
| Plaintiff's motion for class certification, both Parties' motions for summary judgment and Daubert motions | October 7, 2027 |
| Defendant's opposition to class certification, both Parties' oppositions to motion(s) for summary judgment and Daubert motions | December 2, 2027 |
| Plaintiff's reply in support of motion for class certification, both Parties' replies in support of motion for summary judgment and Daubert motions | January 20, 2028 |
| Hearing on class certification, summary judgment, and Daubert motions | To be determined by the Court |

**Defendant's Proposed Schedule:**

| Case Event | Proposed Date |
|---|---|
| **Discovery open for all purposes** | April 1, 2026 |
| **Exchange of initial disclosures** | April 1, 2026 |
| **Last day to amend pleadings** | September 17, 2026 |
| **Close of fact discovery** | March 18, 2027 |
| **Opening expert report(s)** | May 19, 2027 |
| **Rebuttal expert report(s)** | June 16, 2027 |
| **Close of expert discovery** | August 26, 2027 |
| **Both Parties' motions for summary judgment and Daubert motions for summary judgment experts** | October 7, 2027 |
| **Both Parties' oppositions to motion(s) for summary judgment and Daubert motions for summary judgment experts** | November 2, 2027 |
| **Both Parties' replies in support of motion for summary judgment and Daubert motions for summary judgment experts** | December 2, 2027 |
| **Plaintiff's motion for class certification** | To be determined after resolution of summary judgment and Daubert motions |
| **Defendant's opposition to class certification** | One month after Plaintiff's motion for class certification |
| **Plaintiff's reply in support of motion for class certification** | Three weeks after Defendant's opposition to class certification |
| **Hearing on class certification, summary judgment, and Daubert motions for summary judgment experts** | To be determined by the Court |

10

## XVI.    TRIAL

Plaintiff demands a jury trial. The parties request that the expected length of the trial, the date of the trial, and other trial-related issues be addressed following the Court's ruling on summary judgment and/or class certification.

## XVII.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The Parties intend to file their Certifications of Interested Entities or Persons as required by Civil Local Rule 3-15 in short order.

Other than the putative Class members, the Parties are unaware of any additional non-party interested entities or persons at this time.

## XVIII.    PROFESSIONAL CONDUCT

All attorneys of record have reviewed the Guideline for Professional Conduct for the Northern District of California.

## XIX.    OTHER MATTERS

The Parties have no other matters to raise at this time.

Respectfully submitted,

Dated: March 25, 2026                    By: /s/  L. Timothy Fisher

**BURSOR & FISHER, P.A.**
L. Timothy Fisher
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com

Dated: March 25, 2026                    By: /s/  Douglas A. Winthrop

**ARNOLD & PORTER KAY SCHOLER LLP**
Douglas A. Winthrop (# 183532)
Joseph Farris (# 263405)
Anushka Parihar (# 366286)
Three Embarcadero Center, 10th Floor

11

San Francisco, CA 94111-4024
Tel: (415) 417-3100
Fax: (415) 471-3400
Email: doughlas.winthrop@arnoldporter.com
Email: joseph.farris@arnoldporter.com
Email: anushka.parihar@arnoldporter.com

Allyson Myers (# 342038)
Michelle Ban (# 361012)
777 S. Figueroa St. 44th Floor
Los Angeles, CA 90017
Telephone: (213)-243-4000
Facsimile: (213)-243-4199
Email: ally.myers@arnoldporter.com
Email: michelle.ban@arnoldporter.com

JOINT CASE MANAGEMENT STATEMENT
& RULE 26(f) REPORT
CASE NO. 3:26-cv-01218-JSC

**ATTESTATION PURSUANT TO LOCAL RULE 5-1(I)(3)**

I hereby attest that all signatories indicated by a conformed signature (/s/) have concurred in the filing of this document.

Dated: March 25, 2026                    By: /s/    Douglas A. Winthrop

JOINT CASE MANAGEMENT STATEMENT
& RULE 26(f) REPORT
CASE NO. 3:26-cv-01218-JSC